# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY RAY HARDAWAY,<br><br>     Plaintiff,<br><br>     v.<br><br>ACCESS SECUREPAK, et al.,<br><br>     Defendants.<br>_____/ | CASE NO. 1:07-cv-00254-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

I.  <u>Findings and Recommendations Recommending Dismissal of Action</u>

    A.  <u>Screening Requirement</u>

Plaintiff Sonny Ray Hardaway ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 7, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Claim

Plaintiff is housed at Kern Valley State Prison when the events at issue in this action allegedly occurred. Plaintiff is seeking money damages from Access Securepak, which is a store, and Correctional Officer P. Trupe.

Plaintiff's claims arise from an order he placed with Access Securepak for a television and a pair of headphones. Plaintiff alleges that Access Securepak failed to provide an antenna, a cable wire, a remote control, and a warranty, and overcharged plaintiff's sister for the order. Plaintiff also alleges that defendant Trupe denied him an antenna, a cable wire, a remote control, and a warranty, and did not make sure plaintiff's sister was not overcharged for the order. Plaintiff alleges that he

///

was treated in this manner because he is black, and if he was white, he would have been provided with those items and his sister would not have been overcharged.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Access Securepak is a private company from whom plaintiff ordered some personal products, and it is not liable under section 1983, which provides a cause of action against government actors. Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S.Ct. 924, 930 (2001); Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746-47 (9th Cir. 2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). Further, plaintiff does not have standing to raise a claim that his sister was overcharged. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136 (1992); Davis v. Yageo Corp., 481 F.3d 661, 673 (9th Cir. 2007). Finally, failing to provide plaintiff with an antenna, a cable wire, a remote control, and a warranty does not rise to the level of a

constitutional violation. <u>Hudson v. McMillian</u>, 503 U.S. 1, 8-9 (1992); <u>Serrano v. Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003). Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983 and this action shall be dismissed.

      C.    <u>Conclusion</u>

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The deficiencies are not curable, <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000), and the court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 24, 2007**                          /s/ Sandra M. Snyder
                                                       UNITED STATES MAGISTRATE JUDGE