# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY RAY HARDAWAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ACCESS SECUREPAK, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:07-cv-00254-OWW-SMS PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 18)<br><br>ORDER THAT THIS DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

　　　Plaintiff Sonny Ray Hardaway ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

　　　On May 24, 2007, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objection to the Findings and Recommendations was to be filed within thirty days. Plaintiff filed an Objection to the Findings and Recommendations on June 18, 2007.

　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

　　　The Magistrate recommended dismissal of this action in part on the ground that defendant Access Securepak is a private actor and not liable under section 1983. Brentwood Academy v.

1  Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S.Ct. 924, 930 (2001); Single
2  Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746-47 (9th Cir. 2003); Sutton v. Providence St.
3  Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir.
4  1991).  In his Objection, plaintiff alleges sufficient facts at the pleading stage to support his argument
5  that Access Securepak is a state actor because it has a contract with the state and is the only vendor
6  prisoners may order certain products from.

7  However, the allegation that Access Securepak is a state actor is not sufficient to save this
8  action from dismissal.  Plaintiff does not have standing to assert a claim that Access Securepak
9  overcharged his sister.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136
10 (1992); Davis v. Yageo Corp., 481 F.3d 661, 673 (9th Cir. 2007).  If plaintiff's sister wishes to assert
11 a claim, she must file suit.  Further, plaintiff's allegations concerning the failure to provide him with
12 an antenna, a cable wire, a remote control, and a warranty do not give rise to a cognizable claim for
13 relief under section 1983 for violation of any constitutionally protected rights against either
14 defendant named in the complaint.  Hudson v. McMillian, 503 U.S. 1, 8-9 (1992); Serrano v.
15 Francis, 345 F.3d 1071, 1082 (9th Cir. 2003).

16 Accordingly, it is HEREBY ORDERED THAT:
17 1. The Findings and Recommendations, filed May 24, 2007, is adopted in part as set
18    forth herein;
19 2. This action is DISMISSED, with prejudice, for failure to state a claim upon which
20    relief may be granted; and
21 3. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

23 IT IS SO ORDERED.
24 **Dated:   June 20, 2007**              /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE

2